## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:

**BUNKERS INTERNATIONAL CORP.**

**Case No: 6:15-bk-7397-CCJ**
**Chapter 11**

**Jointly-administered**[1]

Debtor.

_____/

## MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE LIQUIDATING AGENT AND LUNDAY-THAGARD CO.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the proof of service attached to this motion, plus an additional three days for service. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court, Lee Ann Bennett, George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on (i) counsel for the Liquidating Agent, R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353, (ii) counsel for Lunday-Thagard Co., Keith R. Martorana, Esq., Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166, and (iii) and any other appropriate persons within the time allowed.

If you file and serve an objection within the time permitted, the Bankruptcy Court may schedule and notify you of a hearing, or the Bankruptcy Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

[1] Jointly-administered cases: Bunkers International, Corp., Case No: 6:15-bk-7397-CCJ; Americas Bunkering, LLC, Case 6:15-bk-7400-CCJ; Atlantic Gulf Bunkering, LLC, Case 6:15-bk-7402-CCJ; Dolphin Marine Fuels, LLC, Case 6:15-bk-7404-CCJ.

**ROBERT MORRISON**, Liquidating Agent ("Liquidating Agent" or "Morrison") for BUNKERS INTERNATIONAL CORP., ATLANTIC GULF BUNKERING, LLC, and DOLPHIN MARINE FUELS, LLC ("Dolphin Marine") (collectively, the "Liquidating Debtors"), by and through his undersigned counsel, hereby files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an order approving the settlement agreement (the "Settlement Agreement" or "Compromise")[2], a copy of which is attached hereto as **Exhibit A**, agreed to by the Liquidating Agent and **LUNDAY-THAGARD CO.** ("Lunday") (the Liquidating Agent and Lunday are hereinafter collectively referred to as the "Parties"). In support of the Motion, the Liquidating Agent respectfully represents as follows:

## Relevant Factual and Procedural History

1.      On August 28, 2015 (the "Petition Date"), Liquidating Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On February 9, 2016, the Court entered its *Order Approving the Joint Plan of Liquidation, as Modified, submitted by Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC* (Doc. No. 274) (the "Confirmation Order"), pursuant to which it confirmed Liquidating Debtors' Plan of Liquidation (Doc. No. 201) (the "Plan"). Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action were channeled to the Liquidating Debtors to be asserted and prosecuted by Robert Morrison as the Liquidating Agent.

---

[2] A copy of the Settlement Agreement is attached as Exhibit A. In the event that there are any inconsistencies between this Motion and the Settlement Agreement, the Settlement Agreement shall control.

3.      Through his investigation of the Liquidating Debtors' estates, Morrison discovered that Lunday received transfers from Dolphin Marine in the amount of $41,320.79 during the 90 days prior to the Petition Date (the "90 Day Transfers").

4.      On June 7, 2016, undersigned counsel for the Liquidating Agent sent a demand letter to Lunday alleging that the 90 Day Transfers were avoidable and recoverable under Sections 547(b) and 550 of the Bankruptcy Code. In response, Lunday defended on the grounds that all or a significant portion of the Liquidating Agent's preference demand would be protected by virtue of Lunday's ordinary course of business defense and other potential defenses.

5.      On October 18, 2016, the Liquidating Agent filed a Complaint to Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547 and to Recover Transferred Property Pursuant to 11 U.S.C. § 550 initiating Adversary No. 6:16-ap-00106-CCJ pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Adversary Proceeding").

6.      After a review of the defenses asserted by Lunday, and due to the uncertainty and expense associated with litigating such claims, the Parties reached a settlement as to the 90 Day Transfers, and have determined that the compromise set forth herein is in the best interests of Liquidating Debtors' estates.

### Summary of Compromise

7.      The material terms of the proposed Compromise are as follows:

a.      Payment Terms: Lunday shall pay Robert Morrison as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC

the sum of $9,000.00 (the "Settlement Amount") within fifteen (15) days of the entry of a final non-appealable order approving this compromise;

        b.      Releases: Upon full payment of the Settlement Amount, Lunday (together with its affiliates, employees, assigns and other related parties set forth in the Settlement Agreement) shall be released from any and all claims which have been or could have been asserted by the Liquidating Agent, the Debtors and the Debtors' estates, including but not limited to any claims arising under chapter 5 of title 11 of the United States Code;

        c.      Dismissal of the Adversary: Within fifteen (15) days following full payment of the Settlement Amount, the Liquidating Agent shall move to dismiss the Adversary Proceeding with prejudice;

        d.      The Parties shall bear their own costs with respect to all claims resolved by this settlement; and

        e.      This Court shall retain jurisdiction to enforce and interpret the terms of the settlement.

        8.      The summary of compromise contained in paragraph 7 above, is merely that, a summary, and does not contain all of the details and material terms agreed to by and between the Parties. Any person interested in the full settlement details should consult **Exhibit A**, attached hereto, which embodies the terms of the entire Compromise reached between the Parties.

## Bankruptcy Rule 9019(a) and Justice Oaks II, Ltd.

        The terms of the Compromise meet the applicable legal standard for approval by this Court. "It is generally recognized that the law favors settlement of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

Bankruptcy Rule 9019(a) provides that on a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

When considering compromises or settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). The Eleventh Circuit has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. (the "**Justice Oaks Factors**"). *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

After consideration of the probability of success, and the complexity, expense, inconvenience and delay attendant to litigating the Preference Claims, the Parties believe that the Compromise is fair and equitable and in the best interests of creditors and the Debtor's estate.

**Probability of Success.** While the Liquidating Agent is confident that the Preference Claims are well-founded and could result in recoveries for the estates, the Compromise is the result of extensive negotiations between the Parties that have taken into account each party's potentially meritorious claims and defenses. Specifically, in agreeing to the Compromise, Morrison has considered Lunday's defenses, including the potential ordinary course of business defense to the Preference Claims under Section 547(c) of the Bankruptcy Code. Similarly,

Lunday has considered the Debtor's legal and factual support in opposition to each of its alleged defenses to the Preference Claims. After taking all of the foregoing considerations into account, both Parties strongly believe the Compromise accurately incorporates both Parties' probability of success on the merits.

**Difficulties in Collection**. With respect to the difficulties of collection, the Liquidating Agent is not aware of Lunday's financial condition or ability to respond to a judgment avoiding the 90 Day Transfers. Notwithstanding the foregoing, the Liquidating Agent has avoided any risk associated with the collection against Lunday by agreeing to the terms of this Compromise which requires the payment of $9,000.00 within fifteen (15) days following the date on which any approval of the Settlement Agreement by the Court becomes a final non-appealable order. Accordingly, the certainty of collection tendered by the Compromise provides a superior result for estates in light of the uncertainty surrounding the financial condition of Lunday.

**Complexity of Litigation, Inconvenience, and Delay**. The Compromise provides an efficient and expedient resolution to the Preference Claims. In reaching this conclusion, the Parties have considered the costs of prosecuting and defending the Preference Claims through to final judgment, and after comparing the potential recovery to the estates with the attendant costs of litigation, the Liquidating Agent strongly believes the Compromise provides both Parties with a superior alternative to litigation of the Preference Claims.

**Paramount Interests of Creditors**. This Compromise was negotiated at arms-length and in good faith by informed counsel for Morrison and Lunday, and is in the best interest of creditors and parties-in-interest. In particular, the Compromise provides the estates with funds from which to pay existing claims without necessitating further consumption of estate resources

through litigation. Accordingly, the Parties believe the Compromise is in the paramount interests of creditors.

For the foregoing reasons, the Court should approve the Settlement Agreement because it: (a) meets the applicable legal standard for approval and (b) is fair, equitable and reasonable.

**WHEREFORE**, based on the foregoing reasons and authorities, the Liquidating Agent respectfully requests that the Court enter an Order: (i) granting this Motion and approving the terms of the Settlement Agreement; (ii) retaining jurisdiction: (a) over the terms of the Settlement Agreement and the parties thereto to enforce the order granting this Motion; and (b) to enforce the terms of the Settlement Agreement; and (iii) granting such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED** this 2nd day of December, 2016.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
**Latham, Shuker, Eden & Beaudine, LLP**
111 N. Magnolia Ave., Suite 1400
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
rshuker@lseblaw.com
mdorris@lseblaw.com
dvelasquez@lseblaw.com
*Attorneys for the Robert Morrison, as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Case No: 6:15-bk-7397-CCJ

BUNKERS INTERNATIONAL CORP.

Chapter 11

Debtor.

Jointly-administered

_____/

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the **MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE LIQUIDATING AGENT AND LUNDAY-THAGARD CO.**, together with any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Keith Martorana, Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York, New York, 10166-0193, KMartorana@gibsondunn.com; Bradley Saxton, Esq, Winderweedle, Haines, Ward & Woodman, PA, 390 N. Orange Avenue, Suite 1500, Orlando, FL 32801; Moore & Van Allen PLLC, Attn: James R. Langdon Esq, 100 N Tryon Street, 47th Floor, Charlotte, NC 28202; Jules S. Cohen, Esq., Akerman LLP, PO Box 231, Orlando, FL 32802-0231; Robert Morrison, Morrison Valuation & Forensic Service, LLC, 934 North Magnolia Avenue, Suite 199, Orlando, Florida 32803, bob.morrison@morrisonvfs.com; the Post-Confirmation Notice Parties, as shown on the matrices attached to the original of this Motion filed with the Court; those who receive electronic notice via CM/ECF in the ordinary course of business; and the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801; this 2nd day of December 2016.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.

BUNKERS INTERNATIONAL CORP, *ET AL.*
Case No. 6:15-bk-7397, *et aL*


POST-CONFIRMATION NOTICE PARTIES
ELECTRONIC NOTICE:

Robert Morrison   bob.morrison@morrisonVFS.com

Bradley M Saxton  bsaxton@whww.com
                  scolgan@whww.com

James Langdon   jimlangdon@mvalaw.com

US Trustee, Elena Escamilla   elena.l.escamilla@usdoj.gov

ORION HOLDINGS LIMITED
Leigh Simon Shaddick   trading@orionbunkers.com

SPRAGUE OPERATING RESOURCES, LLC
Derek Hintz   dhintz@spragueenergy.com

TROPIC OIL COMPANY
Steve Gorey   sgorey@tropicoil.com

MANUAL NOTICE:
John Canal
1071 S Sun Drive, Ste 3
Lake Mary, FL 32746

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement"), is made and entered into this *1st* day of *December* 2016, by and between ROBERT MORRISON, as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC (the "Liquidating Debtors") and LUNDAY-THAGARD CO. ("Lunday") (Lunday together with Robert Morrison are hereinafter collectively referred to as the "Parties").

## RECITALS

1.     **WHEREAS**, on August 28, 2015 (the "Petition Date"), Liquidating Debtors, together with their affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.     **WHEREAS**, on February 9, 2016, the Court entered its *Order Approving the Joint Plan of Liquidation, as Modified, submitted by Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC* (Doc. No. 274) (the "Confirmation Order"), pursuant to which it confirmed Liquidating Debtors' Plan of Liquidation (Doc. No. 201) (the "Plan"). Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action, including all actions pursuant to chapter 5 of title 11 of the United States Code ("Avoidance Actions") were channeled to the Liquidating Debtors to be asserted and prosecuted by Robert Morrison as the Liquidating Agent.

3.     **WHEREAS**, through his investigation of the Liquidating Debtors' estates, Morrison discovered that Lunday received transfers from Dolphin Marine Fuels, LLC in the amount of $41,320.79 during the 90 days prior to the Petition Date (the "90 Day Transfers").

EXHIBIT A

4.    **WHEREAS,** on June 7, 2016, undersigned counsel for the Liquidating Agent sent a demand letter to Lunday alleging that the 90 Day Transfers were avoidable and recoverable under Sections 547(b) and 550 of the Bankruptcy Code (the "Preference Claims").

5.    **WHEREAS,** on October 18, 2016, the Liquidating Agent filed a Complaint to Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547 and to Recover Transferred Property Pursuant to 11 U.S.C. § 550 initiating Adversary No. 6:16-ap-00106-CCJ pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Adversary Proceeding").

6.    **WHEREAS,** in response, Lunday has raised several potential defenses to the Preference Claims and thus, due to the uncertainty and expense associated with litigating such Preference Claims to a final judgment, the Parties have reached a settlement, and have determined that the compromise set forth herein is in the best interests of Liquidating Debtors' estates. As such, the Parties now wish to fully and finally resolve and settle all disputes, controversies and issues between them which are the subject of the Preference Claims and to release any and all claims which have been, could have been, or could be asserted by either Party against the other Party, including but not limited to the Preference Claims and any other Avoidance Actions.

## AGREEMENT

**NOW THEREFORE,** in consideration of the foregoing recitals and the mutual promises contained herein the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the Parties hereby agree as follows:

(1)    **Incorporation of Recitals.** The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

(2)    **Payment to the Liquidating Agent.** Lunday shall pay Robert Morrison as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC the sum of $9,000.00 (the "Settlement Amount") within fifteen (15) days after the entry of a final non-appealable order approving this compromise (the "Payment Deadline); provided that Robert Morrison shall provide to Lunday valid wire instructions or a physical address for delivery of a check sufficiently in advance of the Payment Deadline.

(3)    **Release by the Liquidating Agent.** Conditioned upon full payment of the Settlement Amount by Lunday on or before the Payment Deadline, Robert Morrison, as Liquidating Agent for the Liquidating Debtors, hereby, on behalf of himself, the Liquidating Debtors, the Debtors' estates, and their respective successors and assigns, fully releases, acquits and forever discharges Lunday and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, along with any of their respective members, managers, shareholders, officers, directors, attorneys, employees, and agents (collectively, the "Lunday Parties") from any and all claims, demands, damages, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, including without limitation, any and all Avoidance Actions which the Liquidating Agent, the Liquidating Debtors or the Debtors' estates ever had, now have, or might hereafter have against the Lunday Parties.

(5)    **Dismissal of Adversary Proceeding.** Within fifteen (15) days following the full payment of the Settlement Amount, Robert Morrison as Liquidating Agent for Liquidating Debtors will move to dismiss the Adversary Proceeding with prejudice. For the avoidance of doubt, Lunday's deadline to submit a motion or answer to the summons and complaint filed in

the Adversary Proceeding is hereby tolled until the dismissal of the Adversary Proceeding as set forth herein.

(6)    **Miscellaneous**.

(a)    **Governing Law; Jurisdiction**.    The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving affect to the principles of comity or conflicts of laws thereof.  In the event any litigation or other formal legal or equitable proceeding (collectively, "Litigation") between or among any of the parties hereto (or their affiliates, heirs, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of the Settlement Agreement, the party commencing such Litigation shall be required to institute the same in Bankruptcy Court, which shall retain jurisdiction to enforce and interpret the terms of the Settlement Agreement. Each party hereto hereby consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court for a resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of the Settlement Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b)    **Effect of Delay and Waivers**. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient.  In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in

question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) **Notices**. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

If to the Liquidating Agent:
R. Scott Shuker, Esq.
Mariane L. Dorris, Esq.
Latham, Shuker, Eden & Beaudine, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
*Attorneys for Robert Morrison, as Liquidating Agent for Bunkers International, Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC*

If to Lunday-Thagard:
Keith Martorana, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166-0193
*Attorney for Lunday-Thagard Co.*

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(f) **Severability**. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and

enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(g)    **Entire Agreement**.  The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto.  The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(h)    **Counterparts**.    The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(i)    **Construction of Agreement**.    The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party.  The titles and headings herein are for convenience and reference only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole.  All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(k)    **Approval of Bankruptcy Court**.  The Parties are entering into this settlement to compromise a disputed claim and if this compromise is not approved by the Bankruptcy Court, and the Adversary Proceeding is not dismissed with prejudice then this

Settlement Agreement shall be null and void and shall not be deemed an admission by either party; provided, however, that in such event, Lunday's deadline to submit a motion or answer to the summons and complaint filed in the Adversary Proceeding shall be extended to the date that is thirty (30) days following the date on which the Bankruptcy Court denies approval of this Settlement Agreement, or the motion seeking approval of this Settlement Agreement is withdrawn. The proviso set forth in the immediately preceding sentence will survive termination of this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

**ROBERT MORRISON,** *as Liquidating Agent*
*for Bunkers International Corp.,*
*Atlantic Gulf Bunkering, LLC and*
*Dolphin Marine Fuels, LLC*

**LUNDAY-THAGARD CO.**
By:   MATTHEW PARISHA
Its:         CFO