UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

**In re:**

**BUNKERS INTERNATIONAL CORP.**

Case No: 6:15-bk-7397-CCJ
Chapter 11

Jointly-administered[1]

**Debtor.**

_____/

## MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE LIQUIDATING AGENT AND KAPALUA FUEL AND MARINE SERVICES, INC.

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this motion, you must file a response with the Clerk of the Bankruptcy Court, Sheryl L. Loesch, George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on counsel for the Liquidating Agent, R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353, rshuker@lseblaw.com, counsel for Kapalua Marine and Fuel Services, Inc., Ron A. Simank, Esq., 615 North Upper Broadway, Suite 700, Corpus Cristi, Texas 78401-0781, rsimank@cctxlaw.com; and Alberto F. Gomez, 401 E. Jackson Street, Tampa, Florida 33602, al@jpfirm.com; and any other appropriate persons within the time allowed.

If you file and serve a response with the Clerk of Court within the time permitted, the Bankruptcy Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**ROBERT MORRISON**, Liquidating Agent ("Liquidating Agent" or "Morrison") for

**BUNKERS INTERNATIONAL CORP.** ("Bunkers"), **ATLANTIC GULF BUNKERING, LLC**,

---

[1] Jointly-administered cases: Bunkers International, Corp., Case No: 6:15-bk-7397-CCJ; Americas Bunkering, LLC, Case 6:15-bk-7400-CCJ; Atlantic Gulf Bunkering, LLC, Case 6:15-bk-7402-CCJ; Dolphin Marine Fuels, LLC, Case 6:15-bk-7404-CCJ.

1

and DOLPHIN MARINE FUELS, LLC (collectively, the "Liquidating Debtors"), by and through his undersigned counsel, hereby files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an order approving the settlement agreement (the "Settlement Agreement" or "Compromise")[2], a copy of which is attached hereto as **Exhibit "A"**, agreed to by the Liquidating Agent and **KAPALUA FUEL AND MARINE SERVICES, INC.** ("Kapalua") (the Liquidating Agent and Kapalua are hereinafter collectively referred to as the "Parties"). In support of the Motion, the Liquidating Agent respectfully represents as follows:

## Relevant Factual and Procedural History

1. On August 28, 2015 (the "Petition Date"), Liquidating Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On February 9, 2016, the Court entered its *Order Approving the Joint Plan of Liquidation, as Modified, submitted by Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC* (Doc. No. 274) (the "Confirmation Order"), pursuant to which it confirmed Liquidating Debtors' Plan of Liquidation (Doc. No. 201) (the "Plan"). Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action were channeled to the Liquidating Debtors to be asserted and prosecuted by Robert Morrison as the Liquidating Agent.

3. Through his investigation of the Liquidating Debtors' estates, Morrison discovered that Kapalua had received transfers from Bunkers in the amount of $119,029.80 during the 90 days prior to the Petition Date (the "90 Day Transfers").

---

[2] A copy of the Settlement Agreement is attached as **Exhibit A**. In the event that there are any inconsistencies between this Motion and the Settlement Agreement, the Settlement Agreement shall control.

4. On June 7, 2016, undersigned counsel for the Liquidating Agent sent a demand letter to Kapalua alleging that the 90 Day Transfers were avoidable and recoverable under Sections 547(b) and 550 of the Bankruptcy Code (the "Avoidance Claims").

5. On October 17, 2016, the Liquidating Agent filed a complaint to avoid the 90 Day Transfers pursuant to 11 U.S.C. § 547 and to recover transferred property pursuant to 11 U.S.C. § 550 initiating Adversary No.: 16-00098-CCJ pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Adversary Proceeding").

6. On May 31, 2017, Kapalua filed its response to the Adversary Proceeding, alleging that a significant portion of the Avoidance Claims would be protected by virtue of its ordinary course of business, new value and 546(e) defenses.

7. After a review of the defenses asserted by Kapalua, and due to the uncertainty and expense associated with litigating such claims, the Parties attended mediation and reached a settlement as to the Avoidance Claims, and have determined that the compromise set forth herein is in the best interests of the Liquidating Debtors' estates.

## Summary of Compromise

8. The material terms of the proposed Compromise are as follows:

 a. Payment Terms: Kapalua shall pay Robert Morrison as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC the sum of $50,000.00 (the "Settlement Amount") within thirty (30) days of the entry of a final order approving the Compromise;

 b. Releases: Upon full payment of the Settlement Amount, Kapalua shall be released from any and all claims which have been or could have been asserted by either party relating to the Avoidance Claims;

3

c. Dismissal of the Adversary Proceeding: Upon full payment of the Settlement Amount, the Liquidating Agent shall file a notice of dismissal of the Adversary Proceeding with prejudice;

d. General Unsecured Claim of Kapalua. Kapalua is entitled to a general unsecured claim in the amount of the Settlement Amount ($50,000.00) in the Chapter 11 case of Bunkers International Corp.

e. This Court shall retain jurisdiction to enforce and interpret the terms of the Settlement Agreement.

9. The summary of compromise contained in paragraph 8 above, is merely that, a summary, and does not contain all of the details and material terms agreed to by and between the Parties. Any person interested in the full settlement details should consult **Exhibit "A"**, attached hereto, which embodies the terms of the entire Compromise reached between the Parties.

### Bankruptcy Rule 9019(a) and Justice Oaks II, Ltd.

The terms of the Compromise meet the applicable legal standard for approval by this Court. "It is generally recognized that the law favors settlement of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Bankruptcy Rule 9019(a) provides that on a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

When considering compromises or settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). The Eleventh Circuit has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties,

if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. (the "**Justice Oaks Factors**"). *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

After consideration of the probability of success, and the complexity, expense, inconvenience and delay attendant to litigating the Avoidance Claims, the Parties believe that the Compromise is fair and equitable and in the best interests of creditors and the Debtors' estates.

**Probability of Success.** While the Liquidating Agent is confident that the Avoidance Claims are well-founded and could result in recoveries for the estates, the Compromise is the result of extensive negotiations between the Parties that have taken into account each party's potentially meritorious claims and defenses. Specifically, in agreeing to the Compromise, Morrison has considered Kapalua's defenses, including its potential ordinary course of business, new value and 546(e) defenses to the Avoidance Claims under Section 547(c) of the Bankruptcy Code. Similarly, Kapalua has considered the Debtor's legal and factual support in opposition to each of its alleged defenses to the Avoidance Claims. After taking all of the foregoing considerations into account, both Parties strongly believe the Compromise accurately incorporates both Parties' probability of success on the merits.

**Difficulties in Collection.** With respect to the difficulties of collection against Kapalua, the Liquidating Agent is not aware of Kapalua's financial condition or ability to respond to a judgment avoiding the 90 Day Transfers. Notwithstanding the foregoing, the Liquidating Agent has avoided any risk associated with the collection against Kapalua by agreeing to the terms of

5

this Compromise which requires the payment of $500,000.00 within thirty (30) days of approval of the Settlement Agreement by the Court. Accordingly, the certainty of collection tendered by the Compromise provides a superior result for estates in light of the uncertainty surrounding financial condition of Curoil.

**Complexity of Litigation, Inconvenience, and Delay.** The Compromise provides an efficient and expedient resolution to the Avoidance Claims. In reaching this conclusion, the Parties have considered the costs of prosecuting and defending the Avoidance Claims through to final judgment, and after comparing the potential recovery to the estates with the attendant costs of litigation, the Liquidating Agent strongly believes the Compromise provides both Parties with a superior alternative to litigation of the Avoidance Claims.

**Paramount Interests of Creditors.** This Compromise was negotiated at arms-length and in good faith by informed counsel for the Morrison and Kapalua, and is in the best interest of creditors and parties-in-interest. In particular, the Compromise minimizes a potential administrative liability for the estates, while at the same time providing the estates with funds from which to pay existing claims without necessitating the further consumption of estate resources through litigation. Accordingly, the Parties believe the Compromise is in the paramount interests of creditors.

For the foregoing reasons, the Court should approve the Settlement Agreement because it: (a) meets the applicable legal standard for approval and (b) is fair, equitable and reasonable.

**WHEREFORE,** based on the foregoing reasons and authorities, the Liquidating Agent respectfully requests that the Court enter an Order: (i) granting this Motion and approving the terms of the Settlement Agreement; (ii) retaining jurisdiction: (a) over the terms of the Settlement Agreement and the parties thereto to enforce the order granting this Motion; and (b)

to enforce the terms of the Settlement Agreement; and (iii) granting such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 25th day of September 2017.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No. 984469
Mariane L. Dorris, Esq.
Florida Bar No. 0173665
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
**Latham, Shuker, Eden & Beaudine, LLP**
111 N. Magnolia Ave., Suite 1400
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
rshuker@lseblaw.com
mdorris@lseblaw.com
dvelasquez@lseblaw.com
*Attorneys for the Robert Morrison, as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

BUNKERS INTERNATIONAL CORP.

Debtor.
_____/

Case No: 6:15-bk-7397-CCJ
Chapter 11

Jointly-administered

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the **MOTION FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE LIQUIDATING AGENT AND KAPALUA FUEL AND MARINE SERVICES, INC.**, together with any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Kapalua Fuel and Marine Services, Inc., c/o Ronald A. Simank, Esq., 615 North Upper Broadway, Suite 700, Corpus Cristi, Texas 78401, rsimank@cctxlaw.com; Kapalua Fuel and Marine Services, Inc., c/o Alberto F. Gomez, Esq., 401 E. Jackson Street, Tampa, Florida 33602, al@jpfirm.com; Bradley Saxton, Esq, Winderweedle, Haines, Ward & Woodman, PA, 390 N. Orange Avenue, Suite 1500, Orlando, FL 32801; Moore & Van Allen PLLC, Attn: James R. Langdon Esq, 100 N Tryon Street, 47th Floor, Charlotte, NC 28202; Jules S. Cohen, Esq., Akerman LLP, PO Box 231, Orlando, FL 32802-0231; Robert Morrison, Morrison Valuation & Forensic Service, LLC, 934 North Magnolia Avenue, Suite 199, Orlando, Florida 32803, bob.morrison@morrisonvfs.com; the Post-Confirmation Notice Parties, as shown on the matrices attached to the original of this Motion filed with the Court; and the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801; this 25th day of September 2017.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.

**BUNKERS INTERNATIONAL CORP, *ET AL.***
**Case No. 6:15-bk-7397, *et al.***

**POST-CONFIRMATION NOTICE PARTIES**

**ELECTRONIC NOTICE:**

Robert Morrison bob.morrison@morrisonVFS.com

Bradley M Saxton bsaxton@whww.com, scolgan@whww.com

James Langdon jimlangdon@mvalaw.com

Jules S. Cohen jules.cohen@akerman.com

Esther McKean esther.mckean@akerman.com

US Trustee, Elena Escamilla elena.l.escamilla@usdoj.gov

ORION HOLDINGS LIMITED
Leigh Simon Shaddick trading@orionbunkers.com

SPRAGUE OPERATING RESOURCES, LLC
Derek Hintz dhintz@spragueenergy.com

TROPIC OIL COMPANY
Steve Gorey sgorey@tropicoil.com

**MANUAL NOTICE:**

John Canal
1071 S Sun Drive, Ste 3
Lake Mary, FL 32746

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement"), is made and entered into this 21st day of September 2017, by and between ROBERT MORRISON ("Liquidating Agent" or "Morrison"), as Liquidating Agent for Bunkers International Corp. ("Bunkers"), Atlantic Gulf Bunkering, LLC ("Atlantic Gulf") and Dolphin Marine Fuels, LLC (collectively the "Liquidating Debtors") and KAPALUA FUEL AND MARINE SERVICES, INC. ("Kapalua") (Kapalua and the Liquidating Agent are hereinafter collectively referred to as the "Parties").

## RECITALS

1. **WHEREAS**, on August 28, 2015 (the "Petition Date"), the Liquidating Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. **WHEREAS**, on February 9, 2016, the Court entered an *Order Approving the Joint Plan of Liquidation, as Modified, submitted by Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC* (Doc. No. 274) (the "Confirmation Order"), pursuant to which the Court confirmed the Liquidating Debtors' Plan of Liquidation (Doc. No. 201) (the "Plan"). Pursuant to the Plan and the Confirmation Order, all retained assets and causes of action were channeled to the Liquidating Debtors to be asserted and prosecuted by Morrison as the Liquidating Agent.

3. **WHEREAS**, through his investigation of the Liquidating Debtors' estates, Morrison discovered that Kapalua had received certain beneficial transfers from Bunkers in the amount of $119,029.80 during the 90 days prior to the Petition Date (the "90 Day Transfers").

**EXHIBIT A**

4.  **WHEREAS**, on June 7, 2016, undersigned counsel for the Liquidating Agent sent a demand letter to Kapalua alleging that the 90 Day Transfers were avoidable and recoverable under Sections 547(b) and 550 of the Bankruptcy Code (the "Preference Claims").

5.  **WHEREAS**, on October 17, 2016, the Liquidating Agent filed a complaint to avoid preferential transfers pursuant to 11 U.S.C. § 547 and to recover transferred property pursuant to 11 U.S.C. § 550 initiating Adversary Proceeding No: 6:16-ap-00098-CCJ pending in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Adversary Proceeding").

6.  **WHEREAS,** on May 31, 2017, Kapalua filed its response to the Adversary Proceeding alleging that a significant portion of the Avoidance Claims would be protected by virtue of its ordinary course of business, new value and 546(e) defenses.

7.  **WHEREAS**, on September 21, 2017, the Parties attended mediation regarding the Preference Claims and reached a settlement having considered the uncertainty and expense associated with litigating the Preference Claims to final judgment.

8.  **WHEREAS**, the parties now wish to fully and finally resolve and settle all disputes, controversies and issues between them and to release any and all claims which have been, could have been, or could be asserted by either Party against the other Party, including but not limited to the Preference Claims and any other avoidance actions.

## AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises contained herein the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the Parties hereby agree as follows:

(1) **Incorporation of Recitals**. The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

(2) **Payment to the Liquidating Agent**. Kapalua shall pay Morrison as Liquidating Agent for Bunkers International Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC the sum of $50,000.00 (the "Settlement Amount") within thirty (30) days after the entry of a final order approving this compromise.

(3) **Release by the Liquidating Agent**. Upon full payment of the Settlement Amount, the Liquidating Agent, the Liquidating Debtors, the Debtors' estates, and their respective successors and assigns fully release, acquit and forever discharge Kapalua and its parents, subsidiaries, affiliates, predecessors, successors, and assigns, along with any of their respective members, managers, shareholders, officers, directors, attorneys, employees, and agents from any and all claims, demands, damages, actions, causes of action, suits, contracts, agreements, obligations, accounts, defenses, offsets and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, including without limitation, any and all preference claims and other avoidance claims.

(4) **Dismissal of Adversary Proceeding**. Within fifteen (15) days following the full payment of the Settlement Amount, the Liquidating Agent shall file a Notice of Voluntary Dismissal of the Adversary Proceeding with prejudice.

(5) **General Unsecured Claim of Kapalua**. Kapalua is entitled to a general unsecured claim in the amount of the Settlement Amount ($50,000.00) in the Chapter 11 case of Bunkers International Corp.

(6) **Miscellaneous**.

(a) **Governing Law; Jurisdiction**. The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving affect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "Litigation") between or among any of the parties hereto (or their affiliates, heirs, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of the Settlement Agreement, the party commencing such Litigation shall be required to institute the same in Bankruptcy Court, which shall retain jurisdiction to enforce and interpret the terms of the Settlement Agreement. Each party hereto hereby consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court for a resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of the Settlement Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b) **Effect of Delay and Waivers**. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement

Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) **Notices**. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

| | |
|---|---|
| If to the Liquidating Agent: | R. Scott Shuker, Esq.<br>Latham, Shuker, Eden & Beaudine, LLP<br>111 N. Magnolia Avenue, Suite 1400<br>Orlando, Florida 32801<br>rshuker@lseblaw.com<br>*Attorneys for Robert Morrison, as Liquidating Agent for Bunkers International, Corp., Atlantic Gulf Bunkering, LLC and Dolphin Marine Fuels, LLC* |
| If to Kapalua: | Ronald A. Simank, Esq.<br>Schauer & Simank, P.C.<br>615 North Upper Broadway, Suite 700<br>Corpus Cristi, Texas 78401-0781<br>Rsimank@cctxlaw.com<br>*Attorney for Kapalua Fuel and Marine Services, Inc.* |
| and | Alberto F. Gomez, Esq.<br>Johnson Pope Bokor Ruppel & Burns, LLP<br>401 E. Jackson Street<br>Tampa, Florida 33602<br>al@jpfirm.com<br>*Attorney for Kapalua Fuel and Marine Services, Inc.* |

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change its address for

such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(d) **Severability**. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(e) **Entire Agreement**. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(f) **Counterparts**. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(g) **Construction of Agreement**. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the

Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(h) **Approval of Bankruptcy Court**. The Parties are entering into this settlement to compromise a disputed claim and if this compromise is not approved by the Bankruptcy Court, then this Settlement Agreement shall be null and void and shall not be deemed an admission by either party.

**IN WITNESS WHEREOF**, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

_____
ROBERT MORRISON, *as Liquidating Agent*
*for Bunkers International Corp.,*
*Atlantic Gulf Bunkering, LLC and*
*Dolphin Marine Fuels, LLC*

KAPALUA FUEL AND MARINE SERVICES, INC.
By: _____
Its: Owner/President